IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OSCAR DE LA ROSA, | § | |
| AND ALL OTHER SIMILARLY SITUATED, | § | |
| | § | |
| PLAINTIFFS | § | |
| VS. | § | CA No. 4:19-cv-00126 |
| | § | <u>COLLECTIVE ACTION</u> |
| J&GK PROPERTIES, LLC | § | |
| D/B/A CKJ TRANSPORT OF | § | |
| SOUTH TEXAS, LLC   AND | § | |
| JONATHAN KENNEMER | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS J&GK PROPERTIES, LLC D/B/A CKJ TRANSPORT OF SOUTH TEXAS, LLC AND JONATHAN KENNEMER'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DOCKET NO. 33) AND AFFIRMATIVE DEFENSES**

Defendants J&GK Properties, LLC d/b/a CKJ Transport of South Texas, LLC ("CKJ") and Jonathan Kennemer ("Kennemer") respectfully file their *First Amended Answer and Affirmative Defenses*.

## <u>ANSWER</u>

### A. INTRODUCTION

1. Denied Plaintiff is entitled to any of the relief he seeks. Further denied that Plaintiff is similarly situated to other members of the proposed class or that the members of the proposed class are situated to each other.

### B. JURISDICTION

2. Admitted.

### C. VENUE

3. Admitted.

**D. THE PARTIES**

4. Defendants are without sufficient information to admit or deny the allegations.

5. Denied that Defendant Kennemer employed Plaintiff. Admitted that Plaintiff was employed by Defendant CKJ as a Driver from on or about February 19, 2018 to on or about August 20, 2018 and on or about September 19, 2018 to on or about January 11, 2019.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Admitted that Defendant CKJ has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed, but denied as to Plaintiff.

12. Admitted.

13. Admitted.

14. Denied to the extent that Defendant Kennemer was an employer of the Plaintiff, and others similarly situated. Otherwise, admitted.

15. Denied to the extent that Plaintiff is similarly situated to other members of the proposed class or that members of the proposed class are similarly situated to each other. Otherwise, admitted.

16. Denied Plaintiff is entitled to any attorneys' fees. Admitted Plaintiff has retained the law firm of Ross Law, P.C. Defendants lack personal knowledge of Plaintiff's payment agreement with the firm.

**E. VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

17. Admitted Plaintiff hauled sand, gravel, and cement. Denied as to solely within the state of Texas. Denied Plaintiff did not hold an exempt position under the FLSA. Admitted Plaintiff was paid on a commission basis. Denied to the extent that Plaintiff is similarly situated to other members of the proposed class or that members of the proposed class are similarly situated to each other.

18. Denied.

19. Denied.

20. Denied.

21. Admitted that Defendant CKJ has trucks and hauls road materials within the state of Texas. Otherwise, denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Denied.

27. Denied that a class or collective action is appropriate and denied to the preliminary definition stated. Otherwise, this paragraph does not allege any fact which requires an admission or denial from Defendants.

28. Denied that a collective action is appropriate.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

g. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**F. JURY TRIAL DEMAND**

The allegations of this paragraph fail to allege any facts, and therefore, do not require a response

## AFFIRMATIVE DEFENSES

**A. FIRST AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE DAMAGES:**

Some or all of the relief Plaintiff seeks is barred by his failure to mitigate his damages, if any.

**B. SECOND AFFIRMATIVE DEFENSE—GOOD FAITH:**

Plaintiff's claim for liquidated damages is barred because any act or omission upon which this action is based was done in good faith and with reasonable grounds for believing that the act or omission was not a violation of the FLSA. *See* 29 U.S.C. § 260; *Solis v. Hooglands Nursery, LLC*, 372 F. App'x 528, 530 (5th Cir. Apr. 7, 2010).

**C. THIRD AFFIRMATIVE DEFENSE—CLASS ACTION REQUIREMENTS CANNOT BE SATISFIED:**

This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied. A class or collective action is inappropriate because Plaintiff is not similarly situated to the proposed class members and the proposed class members are not similarly situated to each other.

Additionally, Plaintiff is not a proper representative of the purported class Plaintiff seeks to represent, and the purported class is not a class that can properly be certified in this action. Moreover, Plaintiff and the proposed class members' claims are not proper for class certification because the claims or defenses of the representative party are not typical of the claims or defenses of the proposed class members. Further, Plaintiff and the proposed class members' claims are not proper for class certification because the questions of law or fact that allegedly are common to the proposed class members will not predominate over any questions affecting only individual proposed class members.

Collective action is inappropriate for Plaintiffs claims due to the varied factual circumstances, work history, duties and responsibilities of Plaintiff and each of the proposed class members. Plaintiff and the proposed class members' claims are not proper for class certification because there are not questions of law or fact that are common to the class.

Plaintiff and the proposed class members' claims are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

**D. FOURTH AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS:**

To the extent that this matter is allowed to proceed as a collective action, which Defendants deny is appropriate, the claims of the Plaintiff and the proposed class members are barred, in whole or in part, by the applicable statute of limitations. 29 U.S.C. § 255(a).

**E. FIFTH AFFIRMATIVE DEFENSE—WILLFULNESS:**

Any alleged violation of the FLSA by Defendants was not willful, and therefore all claims of Plaintiff and putative collective action members, if any, are limited to a two-year limitations period calculated form the date on which each individual files his or her written consent with the Court to join this action.

**F. SIXTH AFFIRMATIVE DEFENSE—MOTOR CARRIER ACT:**

Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exclusions, exceptions, offsets, or credits provided by the FLSA and its implementing regulations, including, but not limited to, the Motor Carrier Act exemption. *See* 29 U.S.C. § 213(b)(1).

**G. SEVENTH AFFIRMATIVE DEFENSE—PORTAL-TO-PORTAL ACT:**

Plaintiff's claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1942. 29 U.S.C. § 259.

**H. EIGHTH AFFIRMATIVE DEFENSE—NOT STATUTORY EMPLOYER:**

The *First Amended Complaint* should be dismissed as to Defendant Jonathan Kennemer as he was not Plaintiff's employer.

**I. NINTH AFFIRMATIVE DEFENSE—OFFSETS:**

To the extent applicable, Defendants are entitled to a recoupment, offset, or credit for any termination payments or termination compensation paid to Plaintiff or any putative collective action members.

## VII. PRAYER

Defendants respectfully requests:

1. Plaintiff takes nothing by this action;

2. Plaintiff's suit to be, in all things, dismissed with prejudice;

3. Defendants, in all things, discharged;

4. Costs be taxed against Plaintiff;

5. Such other and further relief, in law or equity, to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ Farsheed Fozouni*
**JOHN L. ROSS**[1]
Texas State Bar No. 17303020
**FARSHEED FOZOUNI**
Texas State Bar No. 24097705

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8206 (Ross)
Telephone: (214) 871-8223 (Broaddus)
Facsimile: (214) 871-8209
Email: jross@thompsoncoe.com
Email: ffozouni@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

---

[1] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.

## **CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and (b)(3), I certify a true and correct copy of the foregoing document and all attachments/exhibits was filed electronically on the 4th day of August, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Farsheed Fozouni*
**FARSHEED FOZOUNI**