**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS DIVISION**
**SHERMAN DIVISION**

| | |
|---|---|
| OSCAR DE LA ROSA, and ALL OTHERS § <br> SIMILARLY SITUATED,                                 § <br>                                                             § <br>        Plaintiffs,                                          § <br>                                                             § <br> V.                                                          § <br>                                                             § <br> J&GK  PROPERTIES,  LLC  D/B/A  CKJ § <br> TRANSPORT OF SOUTH TEXAS, LLC and § <br> JONATHAN KENNEMER,                            <br><br>        Defendants. | CIVIL ACTION NO. 4:19-CV-00126 <br> COLLECTIVE ACTION |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Defendants, J&GK Properties LLC, d/b/a CKJ Transport of South Texas, LLC, and Jonathan Kennemer, (collectively, "Defendants" or "CKJ") by and through their undersigned counsel, file their Response in Opposition to Plaintiffs' Motion for Conditional Certification, and respond as follows:

## I.      INTRODUCTION AND SUMMARY OF OPPOSITION

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs allege that they were not paid overtime for hours worked in excess of 40 hours per week. *See* Dkt. 33, p. 6 ¶ 25. Specifically, Plaintiffs assert a single cause of action on behalf of themselves and "all others similarly situated" seeking unpaid overtime wages to remedy alleged violations under the FLSA. *See id.* at pp. 5-9 ¶¶ 17-37.

Above all else, Plaintiffs are exempt from the FLSA's overtime requirements under the Motor Carrier Act ("MCA") exemption, 29 U.S.C. § 213(b)(1), and, therefore, have no viable claims against Defendants. Moreover, the application of the FLSA § 13(b)(1) MCA exemption to

Defendants' drivers[1] is inherently an individualized determination, making the claims inappropriate for collective action treatment. Accordingly, because the claims asserted by Plaintiffs are not appropriate for treatment as a collective action to begin with, it would be a waste of the Parties' and the Court's time and resources to go through the exercise of providing notice to potential members of a class that cannot, as a matter of law, be certified, much less recover wages.

Furthermore, the proposed notice and consent to join form submitted by Plaintiffs fail to fairly and adequately advise putative Opt-in Plaintiffs of the risks and obligations in addition to the potential benefits of opting-in to the litigation. Plaintiffs' motion is also premised on the fatally defective assumption that this suit is even appropriate for certification as a collective action under 29 U.S.C. § 216(b) in the first place, which it clearly is not. For all these reasons, the motion should be denied.

## II.  ARGUMENT AND AUTHORITIES

### A.  Standard of Review

Courts have the authority to conditionally certify a class and permit notice to the proposed class under section 216(b) of the FLSA. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989). But a court's authority to conditionally certify a class and issue notice should be exercised only in appropriate cases. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983). Conditional certification is not appropriate when individual issues predominate over collective issues. Courts have also cautioned that the discretion to conditionally certify a class should be exercised in such a way as to avoid

---

[1] While Defendants deny Plaintiffs' allegation that both Defendant CKJ and Defendant Kennemer were the employers of Plaintiffs and putative Opt-in Plaintiffs, for purposes of simplicity in this response, reference will be made to "Defendants' employees." Defendants reserve the right to present evidence to refute this allegation at a later stage.

"stirring up unwarranted litigation." *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 401 (E.D. Tex. 1999); *Lentz v. Sparky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007).

Courts should allow collective actions only when adjudication of "common issues of law and fact arising from the same alleged . . . activity" promotes efficiency and judicial economy. *Id.* at 170. Accordingly, "notice is by no means mandatory" and "the relevant inquiry in each particular case is whether it would be appropriate to exercise such discretion." *Harris v. Fee Transp. Servs., Inc.*, No. 3:05-CV-00077, 2006 WL 1994586, at *2 (N.D. Tex. 2006). As another district court in Texas has noted, "[t]he relevant inquiry is not whether the court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise discretion." *Hall v. Burk*, No. 3:01-CV-02487, 2002 WL 413901, at *2 (N.D. Tex. 2002) (quoting *Camper, et al. v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)).

The Fifth Circuit has not adopted a specific standard to apply when considering conditional certification, but courts generally follow the analysis of whether a plaintiff is "similarly situated" to other individuals set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The first step is called the "notice stage." *Mooney*, 54 F.3d at 1213. At the initial notice stage, plaintiffs must provide the court with substantial evidence showing that the defendant subjected a group of similarly situated potential class members to a "single decision, policy, or plan" violating the provisions of the FLSA. *Id.* at 1214 n.8; *Simmons v. T-Mobile USA, Inc.*, No. 4:06-CV-01820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007).

Although the first stage of the *Lusardi* test is modest, conditional certification is not automatic. *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008) ("While the plaintiffs' burden at this stage is not onerous, neither is it invisible."). Even in cases where the

parties have conducted little discovery and the court has minimal evidence before it—such as here—courts still require some evidence of a common and unlawful policy beyond conclusory assertions in pleadings, affidavits, or declarations. *Treme v. HKA Enters., Inc.*, No. 6:07-CVV-01134, 2008 WL 941777, at *3 (W.D. La. Apr. 7, 2008) ("[U]ncorroborated assertions, without more, do not fulfill the plaintiff's burden under *Lusardi*."); *Aguirre v. SBC Communications, Inc.*, No. 4:05-CV-03198, 2006 WL 964554, at *19 (S.D. Tex. April 11, 2006) (holding that brief and conclusory statements in plaintiffs' complaint and motion for notice are insufficient); *Prizmic v. Armour, Inc.*, No. 1:05-CV-02503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (noting that merely accepting conclusory allegations could lead to a "frivolous fishing expedition conducted by the plaintiff at the employer's expense"). "[A] court must . . . take a measured approach when addressing a request for collective action treatment, mindful of the potential burden associated with defending against an FLSA claim." *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009).

Allegations that employees were misclassified as exempt do not alone satisfy a plaintiff's burden of showing a company-wide policy or decision that violates the FLSA. As one court explained:

> As a matter of both sound public policy and basic common sense, the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative [plaintiffs] as "similarly situated" for [29 U.S.C.] § 216(b) purposes. If it were true, in every instance where an employer is accused of misclassifying a large group of employees, the district court would then somehow be required to order collective action notification, irrespective of the quality or quantity of evidence that had been produced in the form of declarations and supporting exhibits. Such a rule would run counter to the long established law governing § 216(b) actions, which states that whether an employee has been properly exempted under the FLSA necessitates a fact specific inquiry.

*Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 917 (D. Ariz. 2010). Furthermore, as the Supreme Court recently instructed, "the FLSA's list of exemptions must be given a 'fair reading,' as opposed to the narrow interpretation previously espoused." *Amaya v. NOYPI Movers, L.L.C.*, 741 Fed. App'x 203, 204-05 (5th Cir. 2018) (citing *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018)) (internal quotation marks omitted).

**B.      Plaintiffs have Failed to Demonstrate that Other Drivers are Similarly Situated.**

To obtain notice, Plaintiffs must make substantial allegations of class-wide wrongdoing supported by affidavits. *See Songer*, 618 F.3d at 470. Plaintiffs have failed to make such a showing. The two <u>identical, boilerplate</u> declarations accompanying Plaintiffs' conditional certification motion merely allege that they are "aware of many other truck drivers who also worked overtime and were not compensated for their work performed in excess of 40 hours per workweek." *See* Dkts. 41-3, p. 2 ¶ 10; 41-4, p. 2 ¶ 10; *see also Songer*, 618 F.3d at 470 (agreeing with trial court that "Plaintiffs' affidavits only offered conclusory allegations that did not state personal knowledge of company-wide discrimination and did not demonstrate whether other putative class members wanted to opt in to the lawsuit"). In other words, Plaintiffs offer mere anecdotal evidence of alleged FLSA violations based solely on their assigned routes but provide no competent evidence of other drivers similarly situated. Furthermore, the two declarants allege they "solely" drove belly dump trailers, which not all the Opt-in Plaintiffs did. *See* Dkts. 41-3, p. 1 ¶ 4; 41-4, p. 1 ¶ 4. However, there are differences in the routes and duties based on the kind of trailer or truck a driver operates. *See* Ex. A, p. 3 ¶ 15. Plaintiffs' failure to identify a class-wide wrongdoing is fatal to their request for notice. *See Chapman v. LHC Group, Inc.*, 126 F. Supp. 3d 711, 724 (E.D. La. 2015); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358 (M.D. Ala. 1999) (refusing to issue notice to a company-wide class where plaintiffs failed to present any evidence to support their claim that "widespread wrongdoing" occurred); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687,

689 (M.D. Fla. 1994) (denying plaintiffs' request for conditional certification where plaintiffs failed to show that employees outside of the employer's Jacksonville, Florida terminal were allegedly owed unpaid overtime).

**C.      An Individualized Inquiry is Required for Putative Class Member, Which Defeats Conditional Certification.**

A number of courts have held that the existence of an exemption among putative opt-in plaintiffs that requires individualized determinations makes collective action notice inappropriate. *See, e.g.*, *Donihoo v. Dallas Automotive, Inc.*, 1998 WL 91256 (N.D. Tex. Feb. 23, 1998) ("In deciding whether an employee fits into one of the many exempt categories delineated in the FLSA, the Court must conduct an inquiry into the employee's specific job duties. Such an inquiry is not appropriate in a class lawsuit under Section 216(b).").[2] The application of the Motor Carrier Act exemption to Defendants' employees is paramount because the issue of liability for each putative Opt-in Plaintiff will depend on whether the exemption applies. Under the FLSA, employees are generally entitled to overtime unless their individual job duties qualify them for an exemption. *See* 29 U.S.C. § 207. The FLSA exempts "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." 29 U.S.C. § 213(b)(1). The Secretary of Transportation, in turn, has the power to regulate employees of motor carriers whose duties affect highway safety when interstate shipments are involved. 49 U.S.C. §§ 31501, 13502; *Amaya*, 741 Fed. App'x at 205; *Billings v. Rollins Frito-Lay Sales, L.P.*, 413 F.

---

[2] *See also Trevino v. RDL Energy Servs., L.P.*, No. 4:14-CV-01936, 2016 WL 11477431 (S.D. Tex. July 21, 2016); *Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287 (S.D. Tex. 2012); *Aguirre*, 2006 WL 964554, at *7; *Reich v. Homier Dist. Co., Inc.*, 362 F. Supp. 2d 1009, 1314-14 (N.D. Ind. 2005); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004); *Pfaahler v. Consultants for Achitects, Inc.*, No. 99-C-6700, 2000 WL 198888 (N.D. Ill. Feb. 8, 2000); *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 375 (D.N.J. 1987).

Supp. 2d 817, 820 (S.D. Tex. 2006). This includes truck drivers who transport goods as part of a continuous movement in interstate commerce but also drivers <u>who themselves do not cross state lines</u>. *See Songer*, 618 F.3d at 472. In other words, employees can be exempt <u>even if they drive on an intrastate leg of a continuous movement of goods in interstate commerce</u>. *Id.*

     Plaintiffs' declarations in support of their conditional certification motion claim that all materials hauled "originated within the State of Texas either because they were quarried within [Texas] or because they had come to rest in [Texas]" in an attempt to sidestep the § 13(b)(1) MCA exemption. *See* Dkts. 41-3, p. 2 ¶ 6; 41-4, p. 1 ¶ 6. This representation exhibits a remarkable misapprehension of the § 13(b)(1) exemption as well as the facts material to the exemption. First, Plaintiffs attempt to brush aside the fact that many CKJ drivers have physically driven across state lines into neighboring states and, therefore, have directly engaged in interstate commerce. *See* Ex. A, pp. 2-3 ¶¶ 7-9. While Defendants anticipate that Plaintiffs and putative Opt-in Plaintiffs will argue that they no longer cross state lines, or that the number of times that they crossed state lines was *de minimis*, each of these arguments illustrate the need for an individualized inquiry for each driver.

     Second, it is untrue that all the materials transported by Plaintiffs are mined entirely in the State of Texas. To the contrary, many materials hauled by CKJ drivers, including by some of the current Opt-in Plaintiffs, is mined in other states—or countries—and transported into the state of Texas by rail or ship, thereby placing the material into the stream of interstate commerce. *See* Ex. A, pp. 2-3 ¶¶ 7-9. The qualities and characteristics of the material remain the same as it was when it was mined and transported into Texas from other states. *Id.* Accordingly, the boilerplate statements in both of Plaintiffs' declarations—and the only statements that ostensibly address the "flow of interstate commerce" issue at the heart of the § 13(b)(1) MCA exemption—that they

hauled materials that "originated within the State of Texas either because they were quarried within [Texas] or because they had come to rest in [Texas],"[3] are carelessly false and misleading. Plaintiffs may attempt to argue that certain materials do not originate out of state, that certain drivers did not transport materials delivered from out of state, or that such deliveries were *de minimis*. Again, all these arguments—and the individualized analysis they necessarily entail—illustrate precisely why conditional certification is inappropriate here.

Third, as alluded to above, the fact that Plaintiffs spend a considerable portion of their declarations to even counter the MCA in their conditional certification motion, in and of itself, demonstrates the individualized nature of the MCA. To determine whether each of the putative Opt-in Plaintiffs is exempt under the MCA, the Court will have to decide: (1) if the employee is employed by a motor carrier; (2) if the employee affects highway safety; and (3) if the employee's activities involve the interstate transportation of goods. *Billings*, 413 F. Supp. 2d at 820; *Badgett v. Rent-Way, Inc.*, 350 F. Supp. 2d 642, 645 (W.D. Pa. 2004); *see also Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 181 (11th Cir. 1991).

The determination as to which Opt-in Plaintiffs are exempt will require significant individualized inquiry of each Opt-in Plaintiff's routes and cargo because those routes and cargo largely determine whether the driver is exempt. Given the fact-intensive analysis needed to determine if each employee is exempt, Plaintiffs cannot show that they are similarly situated to other employees. *See Aguirre*, 2006 WL 964554, at *7 (holding putative plaintiffs are not similarly situated and conditional certification is inappropriate because determining exempt status "would require a fact-specific and individualized inquiry into each employee's daily job duties.").

---

[3] *See* Dkts. 41-3, p. 2 ¶ 6; 41-4, p. 1 ¶ 6.

The existence of the MCA exemption in this case is enormously critical because the issue of liability for the Plaintiffs and each potential putative Opt-in Plaintiff will depend on whether the exemption applies. To determine which Opt-in Plaintiffs are exempt will require significant individualized inquiry of each Opt-in Plaintiff's driving routes and cargo precisely because those routes and cargo will determine if the individual driver is exempt or not. Simply put, the applicability of the MCA is not appropriate for determination in a collective action lawsuit under Section 216(b). *See, e.g.*, *Adams v. U.S.*, 21 Cl. Ct. 795, 797 (Cl. Ct. 1990) (holding that exempt status under the FLSA might hinge on individual circumstances and, thus, potential plaintiffs may not be similarly situated); *Donihoo*, 1998 WL 91256, at *1 (holding that determining exempt status under the FLSA requires an examination of the employees' job duties and "[s]uch inquiry is not appropriate in a class lawsuit under Section 216(b)(1)"); *Bayles v. Am. Med. Response, Inc.*, 950 F. Supp. 1053, 1067 (D. Colo. 1996); *see also Pfaahler*, 2000 WL 198888.

The individualized inquiry required as to each driver precludes the claims asserted in this action from being litigated as a collective action under the FLSA. Not only are Plaintiffs themselves exempt under the MCA, but the driver-by-driver analysis of the exemption makes class notice in this case entirely inappropriate under well-established law. On that basis alone, Plaintiffs' motion should be summarily denied.

**D.      Plaintiffs have Failed to Show Other Drivers Desire to Opt in.**

In addition to being unable to show that putative collective action members are "similarly situated," which alone is fatal to Plaintiffs' request for notice, Plaintiffs also present no credible evidence that any other employees desire to opt-in to the instant lawsuit. In support of their conditional certification motion, Plaintiffs passingly state "that others desire to opt-in, but are fearful of retaliation." *See* Dkt. 41, p. 8. Notably, the only "evidence" before the Court that other employees desire to opt-in are Plaintiffs' conclusory statements that they "know other truck drivers

who have expressed an interest I [sic] joining this lawsuit, but fear retaliation from Defendants."
*See* Dkts. 41-3, p. 2 ¶ 13; 41-4, p. 2 ¶ 13. These statements are striking because at least two of the
Opt-in Plaintiffs, Aubrey E. Girdy[4] and Samuel C. Duran, opted-in to the lawsuit while still
employed with CKJ. *See* Dkts. 13 & 22. In fact, Duran filed one of the two declarations in this
lawsuit and stated his employment ended with CKJ on September 1, 2019, which is approximately
four months *after* he opted in. *See* Dkts. 13 & 41-4, p. 1 ¶ 2. Duran does not allege his employment
was terminated due to retaliation, and Girdy passed away while still employed. As some drivers
who desired to join the suit have already opted in, there is no evidence to remotely suggest that
there are any other prospective plaintiffs who "desire to opt-in, but are fearful of retaliation" in the
event the Court elects to conditionally certify a collective action.

**E.      Plaintiffs' Class Definition is Imprecise and Improper.**

        In the event the Court elects to conditionally certify a collective action, Plaintiffs' current
definition of a proposed class is overbroad, vague, and inaccurate. In their First Amended
Complaint, Plaintiffs seek to certify the following class as to their FLSA claim:

> All current or former employees of J&GK Properties, LLC, D/B/A CKJ
> Transport of South Texas, LLC, who were employed as drivers in the state
> of Texas and were not properly compensated for all overtime hours worked.

*See* Dkt. 33, p. 6 ¶ 27. While the class as defined in Plaintiffs' First Amended Complaint has
deficiencies, it was more accurate than what Plaintiffs now propose in their conditional
certification motion:

> All current and former truck drivers employed by Defendant who
> exclusively hauled sand, gravel and cement in the state of Texas, and
> worked in excess of 40 hours in any workweek at any time for [sic] during
> the last three (3) years.

---

[4] Mr. Girdy unfortunately passed away on approximately October 14, 2019, while still employed
with CKJ.

*See* Dkt. 41, p. 10.

As an initial matter, Plaintiffs had to file an amended complaint because the original corporate defendant was the wrong entity. CKJ Transport of South Texas, LLC is a sub-series LLC of the master LLC J&GK Properties, LLC.[5] *See* Ex. A, p. 1 ¶ 2; *see also* Ex. B. Plaintiffs are all current or former employees of CKJ Transport of South Texas, LLC, which is a separate entity from any other sub-series LLC under J&GK Properties, LLC. *See* Ex. A, p. 1 ¶ 2. Until the filing of their conditional certification motion, Plaintiffs had always referenced CKJ Transport of South Texas, LLC. In fact, the only corporate defendant before the Court is CKJ Transport of South Texas, LLC. Accordingly, any collective action conditionally certified by the Court must necessarily be limited to only driver-employees of CKJ Transport of South Texas, LLC.

Furthermore, the Plaintiff and Opt-in Plaintiffs are current and former employees of the San Antonio terminal of CKJ Transport of South Texas, LLC and only claim in conclusory fashion they "estimate that Defendants employed approximately 35 truck drivers at a time *in the San Antonio, Texas office*." *See* Dkts. 41-3, p. 2 ¶ 11; 41-4, p. 2 ¶ 2 (emphasis added). Plaintiffs make no claim that they have any personal knowledge about the drivers at any of the other terminals operated by CKJ Transport of South Texas, LLC. Therefore, any class definition should be limited to only those drivers that worked and operated out of the San Antonio terminal. *See Chapman*, 126 F. Supp. at 724 (finding since Plaintiff "provides no indication that any similarly-situated aggrieved individuals exist outside of Louisiana" a nationwide class is inappropriate).

---

[5] A series LLC is an LLC that provides in its governing documents for the establishment of a series of members, managers, membership interests, or assets that have separate rights, obligations and liabilities and business purposes from the general LLC. Each individual series effectively operates as a separate LLC for purposes of assets and liabilities. *See Formation of Texas Entities FAQs*, TEXAS SECRETARY OF STATE, https://www.sos.state.tx.us/corp/formationfaqs.shtml#LLC; *see also* TEX. BUS. CODE § 101.601, *et seq.*

Lastly, the two declarations provided in support of Plaintiffs' conditional certification motion testify that they "solely drove a belly-dump truck." *See* Dkts. 41-3, p. 1 ¶ 4; 41-4, p. 1 ¶ 4. However, as discussed above, not all the Plaintiffs drive belly dump trucks, which, again, demonstrates Plaintiffs' failure to prove that even the currently involved Plaintiffs are similarly situated to one another. *See* Ex. A, p. 3 ¶ 15. Accordingly, as the Plaintiffs have only demonstrated that, at best, the two declarants are similarly situated to one another (via boilerplate, cookie-cutter declarations), any class definition should be similarly limited to only those drivers who drove belly dump trailers.

District courts have the power to modify an FLSA collective action definition. *See Dreyer v. Baker Hughes Oilfield Ops., Inc.*, No. 4:08-CV-01212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (citing *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931-32 (5th Cir. 2005)). Accordingly, should the Court elect to conditionally certify a collective action, the Court should modify the class definition to state:

> All current or former drivers of CKJ Transport of South Texas, LLC, who were employed at the San Antonio, Texas terminal; who exclusively hauled sand, gravel, and concrete while driving belly dump trailers in the state of Texas; and worked in excess of 40 hours in any workweek at any time during the last three (3) years.

**F.     A Decision on Conditional Certification Should be Delayed Until Discovery on the MCA's Applicability is Completed.**

Alternatively, even if the Court is inclined to grant Plaintiffs' conditional certification motion, because, as described above, the MCA exemption likely bars the Plaintiffs and any putative Opt-in Plaintiffs from recovery, the Court should delay a decision on conditional certification and allow the Parties to conduct conditional certification discovery on whether the MCA applies. Because the applicability of the MCA could further weaken Plaintiffs' similarly situated argument—or even completely disprove it—it would be a more prudent use of judicial

economy to allow the Parties discovery prior to a decision on conditional certification. If the MCA is found to apply, it may dismiss the suit entirely, thus obviating any need for conditional certification. Accordingly, Defendants respectfully request the Court delay a decision on conditional certification and instead allow the Parties time to conduct conditional certification discovery on whether the MCA exemption applies first.

**G.     Plaintiffs' Proposed Notice and Consent to Join are Deficient.**

To the extent the Court determines that any notice, however limited, is appropriate at all, the notice and consent to join forms proposed by Plaintiffs are deficient. The purpose of notice is to allow potential plaintiffs to make an informed judgment about the case they are being invited to join. As the Supreme Court stated in *Hoffmann-La Roche*:

> These benefits [of a § 216(b) collective action], however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.

493 U.S. at 170. Additionally, as the district court in *Hoffmann-La Roche* stated, a notice in a § 216(b) action requires "full and effective disclosure of all the relevant facts . . . sufficient to enable the [consenting party] to make an informed decision." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 408 (D.N.J. 1988) (internal quotation marks omitted). Any notice must not only inform potential plaintiffs of their possible recovery, but must also inform them of all liabilities and obligations that the litigation might impose on them. Indeed, one of the primary purposes for the court-facilitated notice is to avoid "misleading communications." *Hoffmann-La Roche*, 493 U.S. at 171.

Plaintiffs obviously hope to entice more plaintiffs to join this action by omitting any mention of risks, costs, or liabilities. However, *Hoffmann-La Roche* gave due concern for informing potential plaintiffs of liabilities. 493 U.S. at 171. As the Supreme Court stressed, any

notice must disclose facts sufficient to allow the consenting party to make an "informed decision." *Id.* Plaintiffs' proposed notice fails in this regard. The proposed notice is striking in that it does not accurately describe the liabilities that current and future Plaintiffs may be forced to bear; rather, it simply states that the putative Opt-in Plaintiffs agree that they "will be bound by the judgment of the Court on all issues in this Lawsuit, whether favorable or unfavorable to you." *See* Dkt. 41-1, p. 1. The proposed notice and consent to join form omit any mention of the possibility that if this case is found in whole or in part to be meritless, Plaintiffs may have to bear Defendants' costs and, potentially, legal fees. This wrongly gives the impression that no costs or attorneys' fees can be charged against Opt-in Plaintiffs.

Additionally, Plaintiffs' notice fails to provide a detailed statement of the legal effect of filing a consent form, including the fact that a joining party may be required to give a deposition, respond to written discovery, and/or testify in court. Just as the *Hoffman-La Roche* court tailored its notice to reflect the nature of that case, this action must have a notice particularized as to its facts. Rather than notifying potential Opt-in Plaintiffs that they may have to actively participate in the discovery process and provide deposition or trial testimony, Plaintiffs' proposed notice is misleading because it indicates to potential Opt-in Plaintiffs that if they do opt-in, they will simply "be part of the case." *See* Dkt. 41-1, p. 1. This language falls far short of "full and effective disclosure" required for potential plaintiffs to make an informed decision.

Plaintiffs also fail to include a proper time restriction on the eligibility of potential Opt-in Plaintiffs. Plaintiffs appear to be inviting opt-ins from any current and former drivers who ever worked for Defendants since February 18, 2016—a date apparently selected by Plaintiffs because it was the date on which Plaintiffs filed their Original Complaint. *See* Dkt. 1. This date is clearly based on Plaintiffs' misunderstanding of the limitations period afforded under the FSLA. It is well

established that the limitations period for opt-in plaintiffs in an FLSA collective action is not tolled by the filing of the original complaint, but instead, continues to run on each individual plaintiff's claim—included named plaintiffs—until such time as the plaintiff elects to join the collective action by filing a consent to join form. *See, e.g.*, *Quintanilla v. A&R Demolition, Inc.*, No. 4:04-CV-01965, 2006 WL 1663739, at *1 (S.D. Tex. June 13, 2006); *Lee v. Vance Exec. Prot., Inc.*, 7 Fed. App'x 160, 167 (4th Cir. 2001). Plaintiffs would prefer to sidestep the fact that the longest possible statute of limitations for this lawsuit is three years and, by identifying a cut off date (February 18, 2016) more than three years prior to the filing of this instant motion, have taken it upon themselves to unilaterally expand the limitations period. Weeding out ineligible consents will create considerable work for Defendants, this Court, and Plaintiffs.

Additionally, Plaintiffs seek a 60-day notice period. However, given that the class definition must be reformed and restricted, Defendants believe a 45-day notice period is sufficient time to allow putative Opt-in Plaintiffs to consent to the collective action. Accordingly, Plaintiff's proposed notice and consent to join form, much like the rest of their motion, is improper.

Defendants respectfully request that should the Court grant conditional certification, the Court also order the Parties to confer on the language of the notice and consent to join forms and to submit the same to the Court prior to any issuance of notice.

### III.   CONCLUSION

Plaintiffs have wholly and completely failed to offer any evidence that supports the authorization of the requested notification to potential class members. They have not shown that they are "similarly situated" to those who they seek to represent, nor have they shown that any other "similarly situated" individuals desire to opt-in. If anything, Plaintiffs have actually demonstrated that the primary defense in this case—whether each individual driver is exempt from overtime requirements under the MCA exemption—creates an individualized defense requiring a

case-by-case determination. That necessary case-by-case determination, alone, is fully dispositive of Plaintiff's motion, as it destroys the ability of Plaintiffs to even proceed as a collective action.

Defendants respectfully request the Court deny Plaintiffs' motion. Alternatively, should the Court be inclined to grant conditional certification, Defendants nevertheless respectfully ask the Court to delay conditional certification to give the Parties time to conduct conditional certification discovery on whether MCA exemption applies, to avoid a futile conditional certification exercise. Lastly, should the Court grant conditional certification, Defendants respectfully request the Court order Plaintiffs to confer with Defendants on appropriate language for the notice and consent to join forms along the lines that Defendants have explained above.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Farsheed Fozouni*
        John L. Ross
        State Bar No. 17303020
        jross@thompsoncoe.com
        Farsheed  Fozouni
        State Bar No.  24097705
        ffozouni@thompsoncoe.com

Plaza of the Americas,
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: 214-880-2653
Telecopy:  214-871-8209

ATTORNEYS FOR CKJ TRANSPORT-ENERGY SERVICES, LLC, AND JONATHAN KENNEMER

## <u>CERTIFICATE OF SERVICE</u>

       Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document was electronically filed on November 21, 2019. Notice of this filing will be sent to all counsel of record for all parties by operation of the Court's electronic filing system.

                                       /s/ Farsheed Fozouni
                                       Farsheed Fozouni