# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OSCAR DE LA ROSA, and all others similarly situated<br>  *Plaintiffs*,<br>v.<br>J&GK PROPERTIES, LLC, D/B/A CKJ TRANSPORT OF SOUTH TEXAS, LLC and JONATHAN KENNEMER,<br>  *Defendant*. | § § § § § § § § § § § § | Civil Action No. 4:19-cv-00126<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Conditional Certification of Collective Action and for Notice to Putative Class Members (Dkt. #41). After consideration, the Court finds that the Motion should be **GRANTED in part.**

## BACKGROUND

### I. Factual Summary

Plaintiff Oscar De La Rosa is a former employee of Defendant J&GK Properties, LLC, D/B/A CKJ Transport of South Texas, LLC. Defendant is a Texas-based trucking company that has employed an estimated 200 drivers in the past three (3) years. Plaintiff and the putative collective action members he represents are former truck drivers for Defendant who allege that they: (1) hauled sand, gravel, and cement solely within the state of Texas; (2) occupied positions dedicated to work solely within the state of Texas; (3) did not hold positions that are considered exempt under the Fair Labor Standards Act ("FLSA"); (4) were paid by commission; and (5) were not paid overtime for the hours they worked in excess of forty (40) in any given workweek. Thus,

the claim in this case is that Plaintiff and putative collective action members have not received all the overtime compensation owed them under the FLSA.

Plaintiff asks the Court to certify the following class:

> All current and former truck drivers employed by Defendant who exclusively hauled sand, gravel and cement in the state of Texas, and worked in excess of forty (40) hours in any workweek at any time during the last three (3) years.

## II.     Procedural History

On July 25, 2019, Plaintiff filed an Amended Complaint (Dkt. #33). On October 28, 2019, Plaintiff moved for Conditional Certification of Collective Action and for Notice to Putative Class Members (Dkt. #41). On November 21, 2019, Defendant filed a response (Dkt. #44).

## LEGAL STANDARD

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under § 216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-cv-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts and is the standard most frequently used by this court."

*Tice*, 826 F. Supp. 2d at 994 (citations omitted). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-cv-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-cv-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

## ANALYSIS

### I. Conditional Certification

This case is in the first stage under *Lusardi*. At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical, as "the court need not find uniformity in each and every aspect of employment to determine a class of

employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995–96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[P]laintiff[s] need only show that their positions are similar to the potential plaintiffs[.]" *Id.* at 995.

Defendant argues that Plaintiff and the potential class members are not similarly situated. Defendant supports this argument by indicating that Plaintiff and the potential opt-in collective action members may have driven different kinds of trucks or trailers. Moreover, Defendant points to the fact that "there are differences in the routes and duties based on the kind of trailer or truck a driver operates" (Dkt. #44). After consideration of these arguments, the Court finds that Plaintiff has presented sufficient evidence at the notice stage that the positions of the potential class members are similar to Plaintiff's. *Miranda v. Mahard Egg Farm, Inc.*, No. 4:15-cv-406, 2016 WL 1704861, at *3 (E.D. Tex. Apr. 28, 2016); *see Roussell v. Brinker Intern. In.*, 441 Fed. App'x. 222, 226 (5th Cir. 2011) (holding that, though there were distinctions among employees, certification was not an abuse of discretion where the claims could be considered "at a higher level of abstraction," and deposition testimony was indicative of a common pattern). To be sure, it may turn out that Plaintiff and the potential class members did in fact drive different types of trucks or trailers and drive slightly different routes. However, "[t]he court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated." *Tice*, 826 F. Supp. 2d at 995–96. By alleging that the drivers all had closely related tasks and were all subject to the same systematic method of underpayment, Plaintiff has met the lenient standard of the *Lusardi* notice stage.

Defendant further argues that Plaintiff and the potential class members are not similarly situated because an individualized inquiry is required to determine which drivers may be exempt

4

from FLSA protection under the Motor Carrier Act. After considering this argument, the Court finds that such a determination is better suited for the merits stage of *Lusardi* than the notice stage. Indeed, even after the notice stage, Defendant will have the opportunity conduct discovery on this issue. And if after discovery it can show that an individualized inquiry is in fact warranted, it will have the opportunity at stage two of *Lusardi* to move to "decertify" the collective action. Accordingly, Defendant's argument that the Court should decline to conditionally certify the collective action on this ground is unpersuasive.

Defendant further argues that Plaintiff has failed to show that other drivers desire to opt in. The Court disagrees. At this stage, Plaintiff "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916–17 (S.D. Tex. 2010); *see also Townsend v. Central Pony Express, Inc.*, No. SA-17-cv-00552-OLG, 2018 WL 2432962, at *3 (W.D. Tex. Jan. 26, 2018); *Jaso v. Bulldog Connection Specialists LLC*, No. 2:15-cv-269, 2015 WL 11144603, at *5 (S.D. Tex. Oct. 15, 2015). Plaintiff submitted the affidavit of another driver, Samuel Duran, who is similarly aggrieved. Moreover, both Mr. Duran and Plaintiff testify in their affidavits that they have personal knowledge of other similarly aggrieved individuals who desire to opt in but are fearful of retaliation. At the lenient first stage of *Lusardi*, the Court is satisfied that Plaintiff has demonstrated that it is reasonable to believe that there are other aggrieved employees who were subjected to systematic underpayment.

Finally, Defendant argues that Plaintiff's class definition is imprecise and improper. Defendant points to the fact that Plaintiff provides slightly different class definitions in the amended complaint and the motion for conditional certification. The Court presumes that Plaintiff's definition in the motion for conditional certification represents Plaintiff's latest desired

class definition, and the Court sees no reason at this time to adopt a different definition. It should be noted, however, that courts have the power "to modify an FLSA collective action definition on [their] own." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012); *see also Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005). So Defendant, if it wishes, will have the opportunity to argue for a different class definition at stage two of *Lusardi*, once it has conducted discovery and is in a better position to discuss the accuracy or inaccuracy of the current class definition. At that time, the Court has authority to adjust the class definition accordingly if it sees fit.

## II. Notice and Consent

Defendant argues that Plaintiff's proposed notice is deficient and improper for the following reasons: (1) it omits any mention of risks, costs, or liabilities; (2) it does not warn potential collective action members that they may be required to participate in discovery, give depositions, and testify in court; (3) it fails to include a proper time restriction on the eligibility of potential opt-in plaintiffs; and (4) it calls for a 60-day notice period rather than a 45-day notice period (Dkt. #44).

With respect to Defendant's first two concerns, the Court will not require the notice to provide language informing putative class members of the risk that they may have to pay costs. Nor will it require statements informing them that they may be required to answer discovery and testify at depositions and in court. Such requirements may unnecessarily risk having a "chilling effect on the prospective class members." *See Wingo v. Martin Transp., Inc.*, No. 2:18-cv-00141-JRG, 2018 WL 6334312, at *4 (E.D. Tex. Dec. 5, 2018) (collecting cases).

The Court agrees with Defendant as to its third complaint. Generally, the statute of limitations on FLSA claims is two years, but the FLSA provides a three-year limitations period for

willful violations. *See* 29 U.S.C. § 255(a). And the limitations period "continues to run as to all similarly situated employees *until they opt into the collective action*." *Tice*, 826 F. Supp. 2d at 995 (emphasis added); *Hayes v. Laroy Thomas, Inc.*, No. 5:05-cv-227, 2006 WL 1004991, *7 (E.D. Tex. Apr. 18, 2006). Accordingly, Plaintiff is incorrect to assert that "[t]he period covered by this claim is any time from February 16, 2016, to the present." Rather, the notice should inform putative collective action members that the period covered by the claim is the three year[1] look-back period from the date that they opt into the action.

As for Defendant's fourth complaint, the Court sees no reason to disturb Plaintiff's preference for a 60-day, rather than a 45-day, notice period.

Finally, the Court would advise Plaintiff that the proposed notice and consent form indicates that this collective action is before the "U.S. District Court for the Western District of Texas." As this Court is the U.S. District Court for the *Eastern* District of Texas, Plaintiff should modify the notice and consent form to reflect the same.

## CONCLUSION

For these reasons, it is **ORDERED** that Plaintiff's Motion for Conditional Certification of Collective Action and for Notice to Putative Class Members (Dkt. #41) is **GRANTED in part**.

It is further **ORDERED** that the Court conditionally certifies the class described as follows:

> All current and former truck drivers employed by Defendant who exclusively hauled sand, gravel and cement in the state of Texas, and worked in excess of forty (40) hours in any workweek at any time during the last three (3) years.

---

[1] Plaintiff asks for a three-year period, and Defendant does not appear to oppose this. Though Plaintiff did not specifically allege that the violation was willful, because the request appears unopposed, the Court will allow a three-year rather than a two-year window.

7

It is further **ORDERED** that the Notice and Consent to Join Form (Dkt. #41-1) presented to the Court is conditionally approved, subject to Plaintiff's insertion of the appropriate dates and compliance with the Court's instructions as provided in this Order.

It is further **ORDERED** that Defendant produce the names, job titles, addresses, telephone numbers, and email addresses of the prospective class members. Defendant shall provide the information in an electronic format within fourteen (14) days of the entry of this Order. Plaintiff's Counsel shall send the Notice and Consent Forms to the prospective class members within seven (7) days after Defendant provides the prospective class members' information to Plaintiff's counsel. The Court authorizes Plaintiff to immediately issue the Notice and Consent Forms to those individuals whose names are being provided as required by this Order. Plaintiff shall issue the Notice and Consent Forms by U.S. mail and email. Plaintiff may provide a self-addressed, postage paid return envelope. Plaintiff shall bear the cost of issuing the Notice and Consent Forms and any reminder notice.

The prospective class members shall be provided sixty (60) days after the date the Notice and Consent Forms are mailed (the "Opt-In Period") to file a Consent Form opting-in to this litigation, unless the parties agree to permit late filings. Any re-mailing of the original notice and any reminder notices shall not extend this deadline. Plaintiff shall inform opposing counsel as to the date on which the Notice forms were sent to the prospective class members. Plaintiff's counsel may send a reminder notice thirty (30) days before the expiration of the Opt-In Period, provided the parties agree upon the text of the reminder.

Any Notice and Consent Forms returned to Plaintiff's counsel by the prospective class members shall be filed within sixty (60) days of the date of initial mailing of the Notice. If such

list is sent piecemeal, the sixty (60) days shall begin to run on the date that the last address or other identifying information is sent by Defendant to Plaintiff's counsel.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of December, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE