IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OSCAR DE LA ROSA, AND ALL OTHERS SIMILARLY SITUATED, | § § § | |
| PLAINTIFFS, | § § § | |
| VS. | § § | CA NO. 4:19-CV-00126-ALM |
| J&GK PROPERTIES, LLC D/B/A CKJ TRANSPORT OF SOUTH TEXAS, LLC, AND JONATHAN KENNEMER, | § § § § § | |
| DEFENDANTS. | § | |

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS**

**INTRODUCTION**

This suit is a collective action under the FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, alleging unpaid overtime is owed to a class of commercial tractor-trailer drivers involved in the hauling of aggregate construction materials, *e.g.*, sand, gravel, limestone, rock, *etc.* On December 23, 2019, the Court granted conditional certification of a class of drivers. ECF 45.[1] Since conditional certification, 116 individuals opted into the suit in addition to the named Plaintiff, although six subsequently withdrew their

---

[1] At the time the Court granted conditional certification, it did so applying the then seemingly applicable "first stage" analysis of *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987), "using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011). *Lusardi* has since been expressly rejected by the Fifth Circuit. *See Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021).

1

consent. *See* Ex. A to the *Settlement Agreement*, and; ECF 76-1, 101, 102, 106, 107, 113. Accordingly, there remain 111 Plaintiffs, including De La Rosa.

The primary issue in the case is whether Defendants' drivers are exempt from the overtime provisions of the FLSA under the MOTOR CARRIER ACT ("MCA") exemption to the FLSA, 29 U.S.C. § 213(b)(1). The FLSA exempts from its overtime provisions "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" under the MCA.[2] *Id*. Any such employee "is excluded, automatically, from the [the overtime provisions of the FLSA]." 29 C.F.R. § 782.1. *See, e.g.*, *Spangler v. Mourik, L.P.*, 2017 WL 3412117, at 14–15 (S.D. Tex. Aug. 8, 2017):

> The MCA exemption applies to employees who are (1) employed by a motor carrier or private carrier, as defined by 49 U.S.C. § 13102, and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on public highways of passengers or property in interstate or foreign commerce within the meaning of the MCA. 29 C.F.R. § 782.2(a).

To that end, Defendants recently filed a motion for summary judgment (ECF 115). The parties have, now, reached an amicable settlement of the lawsuit, filed herewith, in the amount of $45,000, inclusive of attorney fees, expenses, and costs, and, pursuant to the FLSA seek the Court's approval of the settlement and dismissal of the lawsuit.

## GROUNDS FOR THE MOTION

### A. APPLICABLE LAW:

"Generally . . . FLSA . . . claims can be compromised only after a court reviews and approves the settlement." *Cunningham v. Kitchen Collection, LLC*, 2019 WL 2865080, at 1 (E.D. Tex. July 3, 2019) (Mazzant, J.; citing *Bodle v.*

---

[2] 49 U.S.C. § 31502.

*TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015). "The Fifth Circuit has yet to decide the extent to which courts are to scrutinize FLSA class actions. But district courts in this circuit, including this one, have approved an FLSA class settlement only after determining whether the proposed settlement (1) resolves a *bona fide* dispute (2) in a fair and reasonable way." *Id.*

In this case, both conditions are satisfied.

### B. THE PROPOSED SETTLEMENT RESOLVES A *BONA FIDE* DISPUTE:

Plaintiffs allege failure to pay overtime to the class of aggregate haul drivers. Defendants contested Plaintiff's motion for conditional certification, in part, and the Court granted conditional certification in part, and denied conditional certification in part. ECF 45.

Defendants have vigorously denied the merits of Plaintiffs' allegations, contend the drivers are exempt from overtime under the MCA, and have prosecuted the defense to the point of filing a substantial motion for summary judgment (ECF 115), supported by nearly 800 pages of exhibits. ECF 115-1. Consequently, a *bona fide* dispute exists.

### C. THE PROPOSED SETTLEMENT RESOLVES THE DISPUTE IN A FAIR AND REASONABLE WAY:

"Although the class-action provisions of Federal Rule of Civil Procedure 23 technically do not apply to collective actions under the FLSA, Rule 23(e) is similar because it requires court approval to finalize a proposed class action settlement." *Id.* As a result, courts often utilize the Rule 23(e) standard to determine whether a FLSA collective action settlement is fair and reasonable." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at 3 (W.D. Tex. Feb. 29, 2012). *See Reed v. Gen'l Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983):

> There are six focal facets [under Rule 23(e)]: (1) the existence of fraud or

3

collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.[3]

These factors all weigh in favor of approving the settlement.

First, "[t]he Court may presume that no fraud or collusion occurred between counsel in the absence of any evidence to the contrary." *Lee v. Metrocare Servs.*, 2015 WL 13729679, at 5 (N.D. Tex. July 1, 2015) (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 725 (E.D. La. 2008)). The settlement was the result of arm's-length negotiations conducted by experienced counsel for all parties. Plaintiffs' counsel primarily focuses his practice on prosecuting wage and hour claims against employers and has handled more than 2,000 such claims. Defense counsel has practiced law for nearly 50 years and has been Board Certified in both Labor and Employment Law and Civil Trial Law by the Texas Board of Legal Specialization for more than 20 years each specialty.

Second, this case is set on the Court's January 2022 trial docket. ECF 105. If the settlement is not approved and the case proceeds to trial, the parties will incur substantial costs and expenditure of time. Moreover, to even get to trial, Plaintiffs will incur substantial time, effort, and expense responding to Defendants' motion for summary judgment, and Defendants will incur the time, effort, and expense of a reply. "When the prospect of ongoing litigation

---

[3] In considering approval of an FLSA settlement, opinions of absent class members need not be considered because their rights are not affected by the settlement. *E.g., Cunningham v. Kitchen Collection, LLC*, 2019 WL 2865080, at 3 n. 2; *Vassallo v. Goodman Networks, Inc.*, 2016 WL 6037847, at 3 n. 2 (E.D. Tex. Oct. 14, 2016) (there is no need to consider the opinions of absent class members in FLSA cases as FLSA settlements have no impact on absent class members).

**4**

threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010) (quoting *Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004)).

Third, the parties have had ample time to conduct full discovery. Suit was filed on February 18, 2019. The Court's original *Scheduling Order* (ECF 97) established a discovery deadline of March 22, 2021. That deadline has been extended three times (ECF 103, to April 22, 2021; ECF 105, to June 21, 2021; and ECF 114, until August 20, 2021). Defendants have produced more than 26,000 pages of documents to Plaintiffs, including, *e.g.*, personnel and pay records, driver logs and extensive records regarding hauls made during the past four years by Defendants' drivers, *etc.*

Fourth, for the reasons set forth in Defendants' motion for summary judgment, there is significant reason to question Plaintiffs' ability to succeed on the merits. Plaintiffs acknowledge the risks inhibiting their ability to ultimately prevail on the merits, including, defeating the motion for summary judgment, succeeding at the liability and damages phases of trial, and on post-trial motions and a potential appeal. The allocation of the Settlement Amount stated in the *Settlement Agreement* (inclusive of attorney fees) was determined by Plaintiffs' counsel and the named Plaintiff using a formula based on the length of each Plaintiff's employment.[4, 5] The release required of Plaintiffs in the

---

[4] Some of the class-Plaintiffs worked for J&GK Properties, LLC d/b/a CKJ Transport of South Texas, LLC, for only a few days; some for longer periods. Some, are still employed.

[5] *See also, e.g.*, *Haynes v. Artech*, LLC, 2021 WL 3130826 (D. N.J. July 23, 2021) (approving FLSA settlement inclusive of attorney fees); *Stanislaw v. KRS Glob Biotechnology, Inc.*, 2021 WL 2389432, at 1 (S.D. Fla. June 10, 2021) (same); *Punter v. Jasmin Intern. Corp.*, 2014 WL 4854446, at 8 (D. N.J. 2014)

*Footnote continued on next page . . .*

settlement agreement is limited to a release of claims under the FLSA. It is not a general release.

Fifth, the parties dispute whether the two year or three year statute of limitations applies to the case, whether liquidated damages are recoverable, and whether any recovery is possible at all based on Defendants' reliance on written guidance of the Department of Labor.[6] 29 U.S.C. § 259(a). *See* Argument II of *Defendants' Motion for Summary Judgment*, ECF 115, pp. 33-35. Although the maximum possible award after a trial could be larger than the settlement amount, there is also a significant chance it could be lower, or non-existent.

"The sixth factor refers to the opinions of counsel and the class representatives." *Cunningham v. Kitchen Collection, LLC*, 2019 WL 2865080, at 3. As previously stated, the settlement has been the result of arms-length negotiation between experienced counsel for the parties. They have negotiated settlements in other complex employment litigation, including class and collective action settlements.

---

*. . . footnote continued from previous page.*

($17,685.00 in attorney's fee reasonable for FLSA settlement totaling $27,620); *Joseph v. Caesar's Entertainment Corp.*, 2012 WL 12898816, at 2-3 (D. N.J. 2012) ("If the parties submit a proposed FLSA settlement and represent that the plaintiff's attorneys' fees was agreed upon separately and without regard to the amount paid to the plaintiff, then the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." $20,288.50 in fees and costs reasonable for FLSA settlement award of $29,611.50); *Cox v. Elite Energy LLC*, 2011 WL 4406364, at 6 (D. N.J. 2011) (FLSA claims may involve relatively small monetary awards, and a court "should not reduce a fee award solely on the basis that the attorney's fees are disproportionate to the damage award").

[6] Dept. of Labor Field Assist Bulletin No. 2007-2, May 23, 2007; DOL OPINION LETTER FLSA 2006-3 (Jan. 13, 2006); DOL OPINION FLSA 2005-10 (Jan. 11. 2005). ECF 115-1 (Exhibits 43-45).

**6**

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, the parties jointly request:

- ➢ that the Court approve the settlement; and

- ➢ dismiss the lawsuit with a final, take-nothing judgment, with (other than as stated in the *Settlement Agreement*) both sides to bear their own attorney fees, costs, and expenses.

Respectfully submitted,

/s/ *Charles L. Scalise*
**CHARLES L. SCALISE**
Texas State Bar No. 24064621
**DANIEL B. ROSS**
Texas State Bar No. 789810
**ROSS•SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
Telephone: (512) 474-7677
Facsimile: (512) 474-5306
Email: Charles@rosslawpc.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ *John L. Ross*
**JOHN L. ROSS**[7]
Texas State Bar No. 17303020
**FARSHEED FOZOUNI**
State Bar No. 24097705
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

---

[7] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization